LOUISE SHMIDHEISER et al.,

*v.*

STATES AVENUE CONSTRUCTION COMPANY et al.

[Decided February 7th, 1923.]

On appeal from a decree in chancery advised by Vice-Chancellor Leaming, dismissing complainant's bill, who filed the following opinion:

"I think it unnecessary to give specific consideration to any feature of this suit other than the single undisputed fact that for over twenty-five years the *locus in quo* has been occupied by stores facing on the boardwalk and extending to the street line of States avenue.

"Defendants have in no sense abandoned the use of these

lots for the purposes for which they have been used during that long period of time. The recent demolition of the buildings was wholly for the purpose of reconstruction and can no more be treated as an abandonment of the right to maintain similar store buildings upon the lots than could any ordinary repairs or improvements such as have been made from time to time in the past. The tearing down was but a part of the process of reconstruction and in no sense an abandonment of the use of the lots for stores flush with the avenue. Even though it be assumed that in 1899 the right of enforcement of the restrictive covenants may have existed, save for the delay of interested parties in enforcing such right, I am yet unable to conclude that the right of enforcement can be said to have been revived by a rebuilding operation which in no way modifies the use to which the lots are to be thereby devoted, even though the rebuilding operations may include tearing down the old buildings and the substitution of new buildings in their place similarly located and for a similar use. Nor does it seem material whether the adjudication in 1899 was based upon laches or estoppel. The rights of the successors in title of those complainants, as such successors in title, can rise no higher than were the rights of those complainants at that time, and the rights of the successors in title of those defendants, as such successors in title, can be no less than were the rights of those defendants at that time, and unless there has been a real cessation of the use then complained of or an essentially new use the former decree would appear to be final in its effect as between the respective successors in title of the parties to that decree.

"No suggestion of adverse possession has been made in the argument; but I find it difficult to conclude that twenty-five years continuous user by defendants under claim of right for purposes clearly adverse to the existence of rights of the nature of those here asserted is not destructive of such rights.

"A decree will be advised denying the restraint sought."

*Mr. Norman Grey,* for the appellants.

*Mr. Clarence L. Cole,* for the respondents.

PER CURIAM.

Our consideration of this case satisfies us that the decree appealed from should be affirmed, and we would be content to affirm upon the opinion of Vice-Chancellor Leaming, except for the fact that a ground of reversal that was not discussed in the opinion has been urged before us.

The purpose of the bill is to restrain the defendants from erecting buildings upon certain lands owned by them in Atlantic City in alleged violation of certain neighborhood restrictions, which, it is claimed, applied to this property.

The whole tract is two hundred and thirty-one and sixty-four hundredths feet in depth. The buildings, the erection of which was sought to be restrained, cover only ninety-six and sixty-four hundredths. No building has been commenced on the remaining one hundred and thirty-five feet, nor is there any suggestion that the erection of a building thereon is contemplated. The ground of reversal referred to is that the decree is erroneous because the complainants were entitled to the restraint prayed for, so far as this part of the tract is concerned. The contention is without merit. As there is no threatened violation of the restrictive covenant, upon this part of the tract, no ground of relief is shown with relation thereto; for it is only in cases where a violation of such a covenant is presently threatened that a court of equity will interfere.

The decree under review will be affirmed.

*For affirmance* — THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WILLIAMS, VAN BUSKIRK — 11.

*For reversal* — None.